Paul V. Shalhoub (Admitted *Pro Hac Vice*)
Rachel C. Strickland (Admitted *Pro Hac Vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

- and -

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for Debtor and
Debtor in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

---------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
LandAmerica OneStop, Inc.,               :    Case No. 09-37276
                                         :
                Debtor.      :    (Joint Administration Pending)
---------------------------------------------------------x

**MOTION FOR AN ORDER PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE
(I) DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11
CASES OF LANDAMERICA FINANCIAL GROUP, INC., ET AL.,
BE MADE APPLICABLE TO LANDAMERICA ONESTOP, INC.,
AND (II) GRANTING OTHER RELATED PROCEDURAL RELIEF**

        LandAmerica OneStop, Inc. ("**OneStop**" or the "**Debtor**") files this motion (the "**Motion**") for the entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) directing that certain orders entered in <u>In re LandAmerica Financial Group, Inc., et al.</u>, Case No. 08-35994 (KRH), be made applicable to the chapter 11

case of OneStop, and (ii) granting other related procedural relief, and respectfully states as follows:

## BACKGROUND

1. On the date hereof (the "**Petition Date**"), OneStop filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The factual background regarding OneStop, including its business operations, capital structure, and events leading to the filing of this chapter 11 case, is set forth in detail in the Affidavit of G. William Evans, Chief Financial Officer of LandAmerica OneStop, Inc., in Support of Chapter 11 Petition and First Day Pleadings (the "**Evans Affidavit**"), which is incorporated herein by reference.

2. On November 26, 2008 (the "**Initial Petition Date**"), LandAmerica Financial Group, Inc. ("**LFG**") and LandAmerica 1031 Exchange Services, Inc. ("**LES**") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. On March 6, 2009, March 27, 2009, March 31, 2009, July 17, 2009, and October 12, 2009 various other LFG affiliates (LandAmerica Assessment Corporation, LandAmerica Title Company, Southland Title Corporation, Southland Title of Orange County, and Southland Title of San Diego, LandAmerica Credit Services, Inc., and Capital Title Group, Inc. (collectively, with LFG and LES, the "**Initial Debtors**")) each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to orders of this Court dated November 28, 2008, March 11, 2009, April 8, 2009, April 9, 2009, July 22, 2009 and October 26, 2009, the chapter 11 cases of the Initial Debtors are being jointly administered under case number 08-35994. No trustee or examiner has been appointed in the Initial Debtors' chapter 11 cases.

3. On December 3, 2008, the United States Trustee for the Eastern District of Virginia (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in the case of (a) LFG (the "**LFG Creditors' Committee**"), and (b) LES (the "**LES Creditors'**

**Committee**," and, together with the LFG Creditors' Committee, the "**Creditors' Committees**"). On June 4, 2009, the U.S. Trustee filed his Amended Appointment of Unsecured Creditors' Committee, adding two (2) additional members to the LES Committee.

    4.    On October 13, 2009, the Debtors' Disclosure Statement with Respect to the Joint Chapter 11 Plan for Land America Financial Group, Inc. and Its Affiliated Debtors [Docket No. 2207] (the "**Disclosure Statement**") was approved by this Court. On October 16, 2009, the Debtors commenced the solicitation of votes for the Joint Chapter 11 Plan for LandAmerica Financial Group, Inc. and Its Affiliated Debtors, filed on October 13, 2009 [Docket 2206] (as the same may be amended, modified and/or supplemented, the "**Plan**")[1].

## JURISDICTION

    5.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 105 of the Bankruptcy Code, and the regulatory predicates for the relief sought herein are Rules 1007(a), 1007(c) and 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 1007-1 and 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "**Local Bankruptcy Rules**").

---

[1]     The Initial Debtors filed a revised Plan on October 24, 2009. [Docket No. 2342].

## RELIEF REQUESTED

A. <u>Applicability of Initial Orders</u>

6. By this Motion, OneStop requests that the Court enter an order pursuant to section 105(a) of the Bankruptcy Code directing that all relevant orders previously entered in the Initial Debtors' cases, including, but not limited to, the orders listed on <u>Exhibit A</u> annexed hereto (the "**Initial Orders**"), be made applicable to OneStop's chapter 11 case. OneStop seeks to have each of the Initial Orders apply to its chapter 11 case effective as of the date of entry of the order requested by this Motion (the "**Applicability Date**").

7. OneStop has elected to seek the relief requested herein in an effort to eliminate the filing of duplicative applications and motions, which in turn will reduce the burdens on this Court and parties in interest as well as the administrative costs to OneStop's estate and stakeholders. OneStop submits that the relief set forth in the Initial Orders is necessary to experience a smooth transition into chapter 11, to reduce unnecessary costs and administrative expenses, and to facilitate administrative efficiency. The Initial Orders include, among other things, retention orders, an administrative case management order, a wage order, and a cash management order.

B. <u>Cash Management Order</u>

8. OneStop maintains two (2) bank accounts to collect, transfer and disburse funds necessary for its operations. OneStop is not a participant in the centralized cash management system maintained by LFG. However, by this Motion, OneStop requests that the Cash Management Order entered in LFG's chapter 11 case and the relief granted therein be made applicable to its case and to any bank accounts that OneStop maintains. OneStop submits that the continued use of its bank accounts is essential to a smooth and orderly transition into chapter 11. Moreover, a changeover to new bank accounts is unnecessary because OneStop will perform

a "hard close" of its books (including recordation of account balances) as of the Petition Date, which will ensure that OneStop and other parties in interest will be able to differentiate between pre- and postpetition transactions, account balances and obligations.  In addition, the Debtor requests authority to continue to use its correspondence and business forms, including, but not limited to, purchase orders, multi-copy checks, letterhead, envelopes, promotional materials, and other business forms, as applicable, substantially in the forms existing immediately prior to the Petition Date, without reference to its status as a debtor in possession.  In the event that OneStop needs to purchase new check stock during the pendency of its chapter 11 case, such check stock will include a legend referring to OneStop as "Debtor in Possession" or "DIP."

9. In addition, in order to avoid prejudicing creditors of OneStop or the Initial Debtors, OneStop submits that any postpetition transfer of cash after the Petition Date (a) by any of the Initial Debtors on behalf of OneStop, or (b) by OneStop on behalf of any of the Initial Debtors, whether directly or indirectly, entitle the transferring affiliate to an allowed administrative claim in the recipient debtor's chapter 11 case under sections 364(c)(1) and 507(b) of the Bankruptcy Code, having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code.

C.  Procedural Relief With Respect to Joint Administration

10. By this Motion, OneStop also seeks entry of an order, pursuant to Bankruptcy Rule 1015, directing the joint administration of its case with the Initial Debtors' cases, which are being jointly administered under the caption In re LandAmerica Financial Group, Inc., et al., Case No. 08-35994 (KRH).

11. Bankruptcy Rule 1015 authorizes the Court to order the joint administration of two or more cases pending before it under the Bankruptcy Code when affiliated debtors are involved.  OneStop believes it would be most efficient for the administration of its

case if the Court were to authorize such joint administration, as OneStop anticipates that many of the hearings and matters involved in the Initial Debtors' chapter 11 cases will affect OneStop. In addition, if such relief is approved, such approval will reduce costs, facilitate administrative efficiency, and avoid the procedural problems otherwise attendant to the administration of separate but related chapter 11 cases. Moreover, no party or substantive rights will be prejudiced by the relief requested herein.

12. OneStop requests that one file and one docket be maintained for all of the jointly administered cases under the case of <u>In re LandAmerica Financial Group, Inc., et al.</u>, Case No. 08-35994. In addition, OneStop proposes that all pleadings in the jointly administered cases contain the following joint caption:

```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE EASTERN DISTRICT OF VIRGINIA
                                  RICHMOND DIVISION
```

---------------------------------------------------------x
In re                                             :        Chapter 11
                                                  :
LandAmerica Financial Group, Inc., <u>et al.</u>, :        Case No. 08-35994 (KRH)
                                                  :
                    Debtors.                      :        Jointly Administered
---------------------------------------------------------x

13. OneStop also requests that all original pleadings be captioned as indicated in the preceding decretal paragraph, all original docket entries be made in the case of LandAmerica Financial Group, Inc., Case No. 09-35994 (KRH), and a docket entry be made in the chapter 11 case of OneStop substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 case of LandAmerica OneStop, Inc. The docket in the chapter 11 case of LandAmerica Financial Group, Inc., Case No. 08-35994 (KRH), should be consulted for all matters affecting this case."

14. As the relief sought herein is procedural and not intended to affect substantive rights, no party will be prejudiced by the granting of this relief.

**APPLICABLE LAW**

15. Section 105(a) of the Bankruptcy Code provides, in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. See, e.g., In re Kestell, 99 F.3d 146, 149 (4th Cir. 1996) (bankruptcy court has authority to issue any order necessary or appropriate to carry out provisions of Bankruptcy Code); In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); Bird v. Crown Convenience (In re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy … is that equitable principles govern"); In re Cooper Properties Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("the Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws").

16. With respect to the establishment of the Applicability Date, the approval of this Motion will obviate the need for duplicative notices, motions, applications, and orders to be filed in this case as well as limit the incurrence of unnecessary administrative expenses. OneStop seeks to reduce the burden on the Court and parties in interest and to save time and expense for its estate and creditors by proceeding in this manner.

17. The Initial Orders deal with certain first day and other matters that typically affect debtors. OneStop submits that it requires the authorizations set forth in the Initial

Orders so that it may enter chapter 11 in an orderly manner and be managed consistently with its affiliates. OneStop believes that the relief afforded in the Initial Orders will assist in the orderly administration of its case without unduly prejudicing any substantive rights of their creditors.

18. Had OneStop filed its petition at the same time as the Initial Debtors, it too would have been a movant with respect to all of the Initial Orders. By proceeding in the manner set forth in this Motion, OneStop seeks to streamline the motion practice for requesting the relief granted in the Initial Orders, while at the same time providing the same requisite facts and justification for such relief as if OneStop were filing such motions.

19. OneStop believes that the relief requested herein is appropriate to carry out the purposes of the Bankruptcy Code. By orders dated March 12, 2009, April 8, 2009, April 9, 2009, July 22, 2009 and October 23, 2009, this Court granted relief to certain of the other Initial Debtors similar to that requested herein. In addition, similar procedures have been authorized in complex chapter 11 cases in other Districts. See, e.g., In re Lehman Brothers Holdings Inc., Ch. 11 Case No. 08-103455 (JMP) (Bankr. S.D.N.Y. 2008); In re Adelphia Communications Corp., et al., Ch. 11 Case No. 02-41729 (REG) (Bankr. S.D.N.Y. 2002); In re Worldcom, Inc., et al., Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2002); In re Enron Corp., et al., Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2002); In re Adelphia Business Solutions, Inc., et al., Ch. 11 Case No. 02-11389 (REG) (Bankr. S.D.N.Y. 2002); and In re Global Crossing Ltd., et al., Case No. 02-40187 (REG) (Bankr. S.D.N.Y. 2002).

## NOTICE

20. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the attorneys for the Creditors' Committees; (c) those creditors holding the twenty (20) largest unsecured claims against OneStop's estate; (d) all parties who have requested notice in the Initial Debtors' chapter 11 cases; (e) such other parties entitled to receive notice pursuant to this Court's December 23, 2008 amended administrative order entered in the Initial Debtors' cases [Docket No. 435]; and (f) any other parties required by the Court. OneStop submits that no other or further notice is required.

## NO PRIOR REQUEST

21. No previous motion for the relief sought herein has been made to this or to any other Court.

## WAIVER OF MEMORANDUM OF LAW

22. Pursuant to Local Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, OneStop requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

## **CONCLUSION**

WHEREFORE, OneStop respectfully requests the entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: Richmond, Virginia  
       November 4, 2009

Respectfully submitted,

/s/ John H. Maddock III  
Dion W. Hayes (VSB No. 34304)  
John H. Maddock III (VSB No. 41044)  
McGUIREWOODS LLP  
One James Center  
901 East Cary Street  
Richmond, Virginia 23219-4030  
(804) 775-1000

- and -

Paul V. Shalhoub (Admitted *Pro Hac Vice*)  
Rachel C. Strickland (Admitted *Pro Hac Vice*)  
WILLKIE FARR & GALLAGHER LLP  
787 Seventh Avenue  
New York, New York 10019  
(212) 728-8000

Proposed Attorneys for the Debtor and Debtor in Possession

# EXHIBIT A

Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures [Docket No. 32] as amended by Amended Order Pursuant to Bankruptcy Code Sections 102 and 105, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 2002-1 and 9013-1 Establishing Certain Notice, Case Management, and Administrative Procedures [Docket No. 435]

Order Authorizing the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix [Docket No. 33]

Order: (A) Authorizing Payment of Prepetition (1) Wages, Salaries and other Compensation; (2) Employee Medical and Similar Benefits; (3) Reimbursable Employee Expenses; and (4) Other Miscellaneous Employee Expenses and Benefits; and (B) Granting Related Relief [Docket No. 35]

Order Authorizing: (A) Continued Use of the Debtor's Centralized Cash Management System; (B) Maintenance and Continued Use of the Debtor's Existing Bank Accounts and Business Forms; (C) A Waiver of Certain Operating Guidelines Relating to Bank Accounts; and (D) An Extension of Time for the Debtor to Comply with Section 345 of the Bankruptcy Code [Docket No. 69]

Order Authorizing Retention of Willkie Farr & Gallagher LLP as Co-Counsel to Debtors and Debtors in Possession [Docket No. 409]

Order Approving the Debtors' Agreement with Epiq Bankruptcy Solutions, LLC and Appointing Epiq Bankruptcy Solutions, LLC as Agent of the Court Pursuant to 28 U.S.C. § 156(c) [Docket No. 410]

Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation [Docket No. 411]

Order Pursuant to 11 U.S.C. §§ 327(a) and 329 Authorizing the Employment and Retention of McGuireWoods LLP as Co-Counsel for the Debtors [Docket No. 437]

Order Authorizing the Debtor to Enter into Agreement with Zolfo Cooper and Jonathan A. Mitchell to, *Inter Alia*, Serve as Chief Restructuring Officer *Nunc Pro Tunc* to the Petition Date [Docket No. 476]

Order Pursuant to Sections 105 and 363 of the Bankruptcy Code Approving the Amendment to Agreement with Zolfo Cooper and Jonathan A. Mitchell [Docket No. 1021]

Order Authorizing and Approving Expedited Procedures for the Sale, Transfer or Abandonment of De Minimus Assets [Docket No. 1301]

Order Under Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006: (A) Authorizing Rejection of Certain Executory Contracts and Unexpired Leases; and (B) Approving Procedures for Future Rejection of Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to May 4, 2009 [Docket No. 1382]

Order Authorizing Debtors to Employ Professionals Utilized in the Ordinary Course of Business Pursuant to Sections 327(e), 330, 363 and 105(a) of the Bankruptcy Code [Docket No. 1476]

Order: (A) Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Establishment of Procedures to Settle Certain Prepetition and Postpetition Claims; and (B) Pursuant to Bankruptcy Rule 9019(a) Authorizing and Approving a Lease Termination Agreement by and Among LandAmerica Title Company, Bascom Sub, LLC and Bascom I, LLC [Docket No. 1482]

Order Authorizing Debtors to File Omnibus Claims Objections [Docket No. 1772]

Paul V. Shalhoub (Admitted *Pro Hac Vice*)
Rachel C. Strickland (Admitted *Pro Hac Vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

- and -

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtor and
Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
LandAmerica OneStop, Inc.,               :        Case No. 09-37276
                                         :
                Debtor.                  :        (Joint Administration Pending)
---------------------------------------------------------x

**ORDER PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE
(I) DIRECTING THAT CERTAIN ORDERS IN THE CHAPTER 11
CASES OF LANDAMERICA FINANCIAL GROUP, INC., ET AL.,
BE MADE APPLICABLE TO LANDAMERICA ONESTOP, INC.,
AND (II) GRANTING OTHER RELATED PROCEDURAL RELIEF**

Upon the motion (the "**Motion**"), filed by LandAmerica OneStop, Inc.,

("**OneStop**") seeking the entry of an order pursuant to section 105(a) of title 11 of the United

States Code (the "**Bankruptcy Code**"), (i) directing that certain orders entered in In re

LandAmerica Financial Group, Inc., et al., Case No. 08-35994 (KRH) (the "**Initial Orders**"), to

the extent applicable, be made applicable to the chapter 11 case of OneStop and (ii) granting other related procedural relief; and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that the relief requested in the Motion is in the best interest of OneStop, its estate, and its creditors; and it appearing that due notice of the Motion has been given and no further notice need be given; and upon the proceedings before the Court; and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that capitalized terms used but not defined herein shall have the meanings given them in the Motion; and it is further

ORDERED, that the Initial Orders, to the extent applicable, are hereby made applicable to OneStop, effective as of the date of entry of this Order, as if OneStop was one of the Initial Debtors referred to in the Initial Orders; and it is further

ORDERED, that each of the professionals retained pursuant to the Initial Orders, shall file with the Court a supplemental affidavit in support of its retention in the case of OneStop, if applicable; and it is further

ORDERED, that any postpetition transfer of cash after the Petition Date (i) by any of the Initial Debtors on behalf of OneStop or (ii) by OneStop on behalf of any of the Initial Debtors, whether directly or indirectly, should entitle the transferring affiliate to an allowed administrative claim in the recipient debtor's chapter 11 case under sections 364(c)(1) and 507(b) of the Bankruptcy Code, having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code; and it is further

ORDERED, that the case of OneStop is hereby consolidated for procedural purposes only with the chapter 11 cases of the Initial Debtors and shall be administered jointly

with such cases under Case No. 08-35994 (KRH) in accordance with the provisions of

Bankruptcy Rule 1015; and it is further

ORDERED, that the caption in OneStop's jointly administered chapter 11 case

shall read as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------x
In re                                          :        Chapter 11
                                               :
LandAmerica Financial Group, Inc., et al.,     :        Case No. 08-35994 (KRH)
                                               :
                    Debtors.                   :        Jointly Administered
---------------------------------------------------------x

and it is further

ORDERED, that all original pleadings shall be captioned as indicated in the

preceding decretal paragraph; all original docket entries shall be made in the case of

LandAmerica Financial Group, Inc., Case No. 08-35994 (KRH); and it is further

ORDERED, that the requirement that the name, address and taxpayer

identification number of OneStop be contained in the caption is hereby waived, and all pleadings

shall be captioned as indicated in the foregoing paragraph; and it is further

ORDERED, that a docket entry shall be made in OneStop's chapter 11 cases

substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 case of LandAmerica OneStop, Inc.  The docket in the chapter 11 case of LandAmerica Financial Group, Inc., Case No. 08-35994 (KRH), should be consulted for all matters affecting this case."

and it is further

3

ORDERED, that the requirement of Local Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Paul V. Shalhoub (Admitted *Pro Hac Vice*)
Rachel C. Strickland (Admitted *Pro Hac Vice*)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

    - and -

_____

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
(804) 775-1000

Proposed Attorneys for the Debtor and
Debtor in Possession

## LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION

Pursuant to Local Rule 9022-1 (C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                                                            _____
                                                                            Dion W. Hayes (VSB No. 34304)
                                                                            John H. Maddock III (VSB No. 41044)
                                                                            McGUIREWOODS LLP
                                                                            One James Center
                                                                            901 East Cary Street
                                                                            Richmond, Virginia 23219-4030
                                                                            (804) 775-1000